Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| IRMA ESTHER CASTILLO CARABALLO, IVONNE DE LOURDES CASTILLO CARABALLO, FELIPE ANTONIO CASTILLO CARABALLO Y OTROS<br><br>Peticionarios<br><br>v.<br><br>TYRON CAQUIAS<br><br>Recurrido | KLCE202500288 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso núm.: PO2022CV03193 (605)<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de marzo de 2025.

Comparece ante este tribunal apelativo, Irma Esther, Ivonne De Lourdes, Felipe Antonio y Brenda Ivelisse, todos de apellidos Castillo Caraballo (en conjunto, los peticionarios) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Resolución Interlocutoria* dictada por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 20 de febrero de 2025, notificada el 25 de febrero siguiente. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* a la solicitud para enmendar la demanda presentada por los peticionarios.

Por los fundamentos que expondremos a continuación, denegamos el auto de *certiorari* solicitado.

### I.

Conforme surge del expediente, el Sr. Felipe Castillo Dasta (señor Castillo Dasta) convivió con la señora Eloísa Cruz Cardona (señora Cruz Cardona) por espacio de veintiséis (26) años. Durante

su convivencia, estos adquirieron un bien inmueble, sito en el municipio de Peñuelas.[1] Adicionalmente, estos mantenían una cuenta conjunta en el Banco Popular de Puerto Rico.

El 22 de agosto de 2019, la señora Cruz Cardona falleció, dejando como único heredero a su hijo, el Sr. Tyron Caquías Cruz (señor Caquías Cruz o recurrido).[2]

Poco más de tres (3) años luego, específicamente, el 16 de noviembre de 2022, el señor Castillo Dasta presentó una demanda de división de comunidad de bienes en contra del señor Caquías Cruz.[3] Por medio de esta, el señor Castillo Dasta solicitó la división de la propiedad antes mencionada y **los ahorros que permanecían en la cuenta conjunta**.

En el curso del litigio, el 18 de noviembre de 2023, el señor Castillo Dasta falleció.[4] Como consecuencia, sus hijos, los aquí peticionarios, fueron declarados únicos y universales herederos.[5] Así pues, el 30 de mayo de 2024, estos presentaron una *Moción de Sustitución de Parte*, a los fines de ser incluidos como parte en el pleito.[6]

Posteriormente, el 21 de junio de 2024, el señor Caquías Cruz presentó la *Contestación a Demanda Enmendada.*[7] Por medio de esta, negó la mayoría de las alegaciones y levantó varias defensas afirmativas.

Tras varios trámites procesales, el 29 de enero de 2025, los peticionarios presentaron una *Moción Solicitando Permiso para*

---

[1] Véase, Apéndice del Recurso, a las págs. 7-9.
[2] El señor Caquías Cruz fue declarado único y universal heredero de la señora Cruz Cardona el 3 de septiembre de 2021, mediante una *Resolución* emitida por el foro primario en el caso PE2021CV00051. Véase, Apéndice del Recurso, a las págs. 10-11.
[3] Véase, Apéndice del Recurso, a las págs. 4-13.
[4] *Íd.*, a la pág. 43.
[5] *Íd.*, a la pág. 45.
[6] *Íd.*, a las págs. 44-48. Cabe señalar que junto a su solicitud, los peticionarios incluyeron la correspondiente demanda enmendada, la cual fue aceptada por el TPI el 31 de mayo de 2024. Véase, Apéndice del Recurso, a las págs. 46-48 y la Entrada Núm. 33 del expediente electrónico en el Sistema de Unificado de Manejo y Administración de Casos (SUMAC).
[7] Véase, Apéndice del Recurso, a las págs. 49-52.

*Enmendar la Demanda.*[8] Por medio de esta, adujeron que el 30 de enero de 2023, el Banco Popular de Puerto Rico había emitido una certificación de la cual surgían dos (2) cuentas bancarias relevantes, a saber:

| Núm. de cuenta | Firmantes | Tipo de Cuenta | Balance a 8/22/2019 | Balance Actual |
|---|---|---|---|---|
| 524023681 | ELOISA CRUZ CARDONA Y/O FELIPE CASTILLO DASTA | Ahorro a Toda Hora | $5,199.87 | $5,207.25 |
| 524816147 | ELOISA CRUZ CARDONA | Ahorro a Toda Hora | $47,541.35 | $47,657.01 |

En atención a ello, los peticionarios solicitaron la autorización del foro primario para incluir ambas cuentas al inventario de bienes a ser divididos. En otras palabras, que se permitiera añadir, como un bien sujeto a división, la cuenta bancaria número 524816147, la cual figuraba únicamente a nombre de la señora Cruz Cardona.

En esa misma fecha, notificada el 30 de enero de 2025, el TPI emitió una *Orden,* concediendo un término de diez (10) días al recurrido para que se expresara en cuanto a la referida moción.[9]

El 20 de febrero de 2025, el señor Caquías Cruz se opuso mediante un escrito intitulado *Moción en Cumplimiento de Orden y en Oposición.*[10] En lo que concierne a la solicitud de enmienda, sostuvo que la cuenta no pertenecía a la comunidad reclamada en el pleito. Precisó que, esta era una cuenta exclusiva de la señora Cruz Cardona y que, de ser distinto, aparecería el nombre del señor Castillo Dasta en la misma. Adicionalmente, señaló que los peticionarios no habían presentado evidencia alguna que sustentara su alegación.

Evaluados los argumentos de las partes, el mismo 20 de febrero de 2025, notificada el 25 de febrero siguiente, el Tribunal de

---

[8] *Íd.*, a las págs. 44-48.
[9] *Íd.*, a la pág. 64.
[10] *Íd.*, a las págs. 66-68.

Primera Instancia emitió una *Resolución Interlocutoria* declarando *No Ha Lugar* a la solicitud.[11] El foro *a quo* razonó que los peticionarios no habían presentado evidencia que demostrara que la referida cuenta fuese parte de la comunidad de bienes que se pretendía dividir.

En desacuerdo, el 26 de febrero de 2025, los peticionarios instaron una *Moción de Reconsideración.*[12] A grandes rasgos, adujeron que, si bien era cierto que en la cuenta solo aparecía la señora Cruz Cardona como firmante, ello "de ninguna manera implica la exclusividad de ésta y que los fondos en la misma le pertenecieron".[13] Añadieron que, el recurrido no había presentado evidencia que acreditara que los fondos en la cuenta eran privativos de la señora Cruz Cardona. Además, sostuvieron que, no permitir la enmienda a la demanda, provocaría un enriquecimiento injusto que afectaría sus derechos.

También el 26 de febrero de 2025, notificada al próximo día, el Tribunal de Primera Instancia emitió una *Orden* declarando *No Ha Lugar* a la solicitud de reconsideración.[14]

Aún insatisfechos, los peticionarios acuden ante este foro intermedio imputándole al foro primario haber incurrido en el siguiente error:

> **PRIMER ERROR**: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR ORDEN DECLARANDO NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN EN CUANTO SOLICITUD DE ENMIENDA A LA DEMANDA PRIVANDO A LA PARTE DEMANDANTE DEL DEBIDO PROCESO DE LEY, ABUSANDO ASÍ DE SU DISCRECIÓN.

Evaluado el escrito y, conforme a la decisión arribada, prescindimos de la comparecencia de la parte recurrida, según nos

---

[11] *Íd.*, a las págs. 1-2.
[12] *Íd.*, a las págs. 69-71.
[13] *Íd.*, a la pág. 70.
[14] *Íd.*, a la pág. 3.

faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 7(B)(5).

**II.**

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró,* 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari.*

Por tanto, el asunto que se nos plantee en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para determinar si debemos expedir un auto de *certiorari* debemos determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Sin embargo, aun cuando el asunto esté contemplado por dicha

regla para determinar si procede la expedición de un recurso, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así, pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

**III.**

En esencia, los peticionarios señalan que el foro de primera instancia incidió al denegar la solicitud para enmendar la demanda

y, en consecuencia, prohibir la presentación de una demanda enmendada. Esto último, a los fines de incluir la cuenta bancaria a nombre de la señora Cruz Cardona como parte de los bienes a ser divididos.

Conforme a la normativa apelativa precedente, colegimos que el recurso no cumple con los criterios de la Regla 52.1 de las de Procedimiento Civil, antes citada. Es decir, no estamos adjudicando alguna de las instancias judiciales detalladas en la norma procesal civil que nos permitan atender los méritos del recurso. La solicitud para enmendar la demanda no presenta una reclamación al amparo de un procedimiento bajo las Reglas 56 y 57 de las de Procedimiento Civil, y la actuación del foro primario no constituye una denegatoria de una moción de carácter dispositivo. Más aún, la determinación no versa sobre una situación que esté revestida de interés público o de un asunto en el cual esperar a la apelación constituya un fracaso irremediable de la justicia.

Además, aún si la determinación recurrida cumpliera con alguno de los criterios, examinado el recurso al palio de la Regla 40 de nuestro Reglamento, *supra*, concluimos que tampoco procedería su expedición, debido a que están ausentes los criterios allí dispuestos.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones